STATE OF NEW JERSEY, PLAINTIFF, v. A. A. LA FOUNTAIN, INC., DEFENDANT.

Bergen County Court
Law Division

Decided April 24, 1961.

On appeal from judgment of the Bergen County District Court (Traffic Division).

*Mr. David D. Furman,* Attorney General of New Jersey, attorney for plaintiff (*Mr. Maurice R. Strickland,* Legal Assistant, Newark, appearing).

*Mr. Benedict E. Lucchi,* attorney for defendant.

BROWN, J. C. C.   The defendant's tractor, on June 6, 1960, was operated on Route 17 in East Rutherford hauling a trailer loaded with a piece of construction equipment. Gross weight of vehicle and load was 71,560 pounds.   The defendant was charged with a violation of *N. J. S. A.* 39 :3–84 for the excess of 11,560 pounds over the limit fixed for its commercial registration.   Upon conviction below, the defendant was fined $346.80, with costs, according to the formula provided by *N. J. S. A.* 39 :3–84.3.

This is an appeal on the ground that the "severe" penalty of the latter section should not be invoked because the defendant was not guilty of violating the policy of the statute.

A novel argument has been developed in the defendant's memorandum.   It is undisputed that, after the summons was issued, the defendant qualified for and was granted a permit for the vehicle pursuant to *N. J. S. A.* 39 :4–26. The Director of Motor Vehicles thereby authorized the defendant's movement of construction equipment on the vehicle up to a limit of 105,000 pounds.   The fee paid for the permit was $150.

The defendant points to *N. J. S. A.* 39 :4–26 as evidence to show that what it did was not prohibited *per se.*   The very use which it made of the highway on June 6, 1960 as a registrant would have been lawful if the defendant had been a permittee.   The law tolerated the degree to which the defendant in fact loaded the road structure.   Its fault was only that it did not do this with the proper status. For its failure to have the permit in advance, the defendant should be charged with a violation of *N. J. S. A.* 39 :4–26, for which the fine would be $100.   The argument for the defense concludes with the reasoning that "the real offense" was not a violation of *N. J. S. A.* 39 :3–84 because there

was no "frustration" of its "primary aim"—first, to ensure revenue, and second, to limit highway damage. There was no "shortchanging" of the State here because it declared itself in *N. J. S. A.* 39:4–26 to be satisfied with a fee less than that required for regular "constructor" registration. There was no transgression against weight limit policy because of the tolerance available under the same section.

Validity of this defense depends 'upon a consideration of legislative policy. The defendant's memorandum invites reference to the "evil" for which section 84 was "designed" and thus to ascertain its "primary aim" as these aspects of purpose were spelled out by the court in *State v. Gratale Brothers, Inc.,* 26 *N. J. Super.* 581 (*App. Div.* 1953). In that case, the defendant had been convicted as a second offender under *N. J. S. A.* 39:3–84.3 for gross weight exceeding that set out in the certificate of registration. The defense was that the "second offense" feature of the statute did not apply because different vehicles were involved. It was argued that the language was used with the intent to limit second offense instances to those involving the same vehicle. Confronted with this issue of statutory interpretation, the court turned its attention to the area of legislative policy and purpose as an aid to construction.

The court must enforce the legislative mandate as it is manifested by the enactment. The command is primarily ascertained by reading the language employed by the Legislature in its ordinary and common significance. *Lane v. Holderman,* 23 *N. J.* 304 (1957). The statute must speak for itself and be construed according to its own terms. *Bass v. Allen Home Improvement Co.,* 8 *N. J.* 219 (1951). The court is not concerned with the motive for enactment unless the language of the statute is ambiguous. *Mountain Lakes Board of Education v. Maas,* 56 *N. J. Super.* 245 (*App. Div.* 1959). This delineation of judicial function had an early origin. The rule was laid down in the 1826 decision in *Gibbons v. Ogden,* 8 *N. J. L.* 288, where the Supreme Court said:

"Courts of law may, where the words of an act convey no clear meaning, as the means of explaining an intricate or perplexed passage, resort to a consideration of the subject matter, and the nature of the mischief intended to be remedied; but where words clash with no other paragraph, section or sentence, in the same, or any other statute, carry a plain and manifest meaning, they overcome all rules of construction, and must be taken as they read." (at *p.* 295.)

█ In *State v. Gratale Brothers, Inc., supra,* the court properly considered policy to find the import of doubtful language on the face of the statute. There is nothing doubtful in the words used by the Legislature as they relate to the transaction in the present case:

"* * * any * * * owner * * * of any * * * vehicle found on a highway with a gross weight of vehicle and load in excess of that provided for on the certificate of registration for the vehicle, or in excess of the * * * gross weight limitations imposed by this act * * * shall be fined * * *." *N. J. S. A.* 39:3–84.3.

The legislative will must be enforced as it has so clearly been expressed. The admitted excess compels conviction with the prescribed consequences.